UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JAMES EDWARDS | CIVIL ACTION NO. 09-1806-P |
| VERSUS | JUDGE WALTER |
| WARDEN BURL CAIN | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner James Edwards, pursuant to 28 U.S.C. § 2254. This petition was received and filed in this court on October 14, 2009. Petitioner is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions. Petitioner names Warden Burl Cain as respondent.

On January 14, 2005, Petitioner was convicted of one count of manslaughter and one count of armed robbery in the Louisiana Twenty-Sixth Judicial District Court, Parish of Webster. He was sentenced to forty (40) years imprisonment at hard labor as to the manslaughter conviction and twenty (20) years imprisonment at hard labor without benefit of parole, probation or suspension of sentence as to the armed robbery conviction. The trial court ordered that ten years of the armed robbery sentence run consecutively to the

manslaughter sentence. The Louisiana Second Circuit Court of Appeal affirmed his convictions and sentences on December 14, 2005. State v. Edwards, 2005-40423 (La. App. 2 Cir. 12/14/05), 918 So.2d 61. The Supreme Court of Louisiana denied Petitioner's application for writs of review on October 13, 2006. State v. Edwards, 939 So.2d 355, 2006-819 (La. 10/13/2006).

In support of this petition, Petitioner alleges (1) the prosecution withheld exculpatory and favorable evidence, and (2) he received ineffective assistance of counsel.

Petitioner's claims were not properly exhausted through the appropriate state courts. On August 3, 2007, Petitioner filed a DNA post-conviction relief application in the trial court. On April 17, 2008, the trial court denied the application. Petitioner then sought review in the Louisiana Second Circuit Court of Appeal on June 23, 2008. In support of his writ, Petitioner argued (1) the trial court denied him due process under the Fourteenth Amendment and his right to present a complete defense when it denied his request for DNA found on a paint can and the victim's watch, and (2) the trial court applied the wrong standard in adjudicating his application. On August 7, 2008, the Louisiana Second Circuit Court of Appeal denied his writ. Louisiana v. Edwards, 988 So.2d 850 (La. App. 2 Cir. 8/7/08). The court found that the trial court correctly concluded that DNA testing was not warranted under La. C.Cr.P. art. 926.1. The court found that an inconclusive test and a negative test would not exculpate Petitioner, or prove by "clear and convincing evidence" that he was factually innocent of the crime. The court further found that testing which

identified the brother of the primary witness against Petitioner as the contributor of any testable material associated with the cap found under the victim's body would not exculpate Petitioner because the testimony indicated that the cap was associated with the brother and Petitioner. The court also found that evidence relating to who left blood traces at the crime scene would have no effect because it would do no more that lessen the credibility of the primary witness and would not establish Petitioner was "factually innocent of the crime." Petitioner then filed a writ application in the Supreme Court of Louisiana. On August 20, 2009, the Supreme Court of Louisiana denied his writ. State ex rel. Edwards v. State, 15 So.3d 1009, 2008-2476 (La. 8/20/09).

Petitioner filed a second application for post-conviction relief in the trial court on December 3, 2008. In support of his application, Petitioner claimed (1) he was denied the right to due process because the State withheld favorable evidence from his attorney, and (2) he received ineffective assistance of counsel. The trial court denied his application for post-conviction relief on March 9, 2009 as being untimely filed because it was "filed more than two (2) years from the finality of judgment." In April 2009, Petitioner sought supervisory review in the Louisiana Second Circuit Court of Appeal. Petitioner argued that the two year limitation did not apply to his application because it falls under the exception provided by La. C.Cr.P. art. 930.8(A)(1) that if "[t]he application alleges, and the petitioner provides or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney." Petitioner claims he presented the trial court with an evidence

transfer receipt from the North Louisiana Criminalistic Laboratory which listed evidence collected by the Webster Parish Sheriff's Office during the investigation of the murder of Joseph Raspberry. He claims he received this evidence list from the victim's mother on August 25, 2008. Petitioner argues that the receipt listed 81 pieces of evidence collected by authorities that demand DNA identification with the list of suspects in the Raspberry murder. Petitioner claims the State suppressed this evidence. Petitioner further argues that the State failed to reveal the DNA test results of the first suspects in the Raspberry murder in violation of Brady. Petitioner also argues that he received ineffective assistance of counsel because his attorney failed to investigate the DNA evidence collected in this case.

On May 14, 2009, the Louisiana Second Circuit Court of Appeal denied Petitioner's writ application as untimely. Petitioner sought writs of review in the Supreme Court of Louisiana. On August 12, 2009, the Supreme Court of Louisiana denied his application for writs. State ex rel. Edwards v. State, 2009-1295 (La. 8/12/09).

On December 10, 2009, Petitioner was ordered to demonstrate cause for his failure to present these claims to the appropriate state courts and actual prejudice as a result of the alleged assignments of error or to demonstrate that this Court's failure to consider his claims will result in a fundamental miscarriage of justice [Doc. 5]. On January 11, 2010, Petitioner filed a response. Petitioner claims that he properly exhausted each claim raised in his habeas petition.

For the reasons stated below, Petitioner's complaint should be dismissed.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct.509, 30L.Ed.2d 438, 443 (1971); Rose v. Lundy, supra. When, however, state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. Sones v. Hargett, 61 F.3d 410 (5th Cir. 1995). Assuming the state procedural bar operates as an independent and adequate state ground, the procedural default doctrine applies, and federal review is barred unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Sones v. Hargett, 61 F.3d at 418, citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In procedural default cases, the cause standard requires the petitioner to show that

some objective factor external to the defense impeded counsel's [or petitioner's] efforts to develop the "factual or legal basis of the claim." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Objective factors that constitute cause include "interference by officials" that makes compliance with the state procedural rule impracticable and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." Id.

The Supreme Court has long held that comity concerns dictate that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. Coleman, 501 U.S. at 731; Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. The independent and adequate state ground doctrine ensures that the State's interest in correcting their own mistakes is respected in all federal habeas cases. In the absence of the independent and adequate state ground doctrine, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. Id. While subject to rebuttal by the petitioner, the procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Sones, 61 F.3d at 416.

Petitioner can fault only himself for his failure to "fairly present" his federal habeas claims to the Louisiana Courts. Petitioner has not demonstrated in his pleadings the existence of any objective factor external to the defense that impeded his, or counsel's, ability to raise the claims at an earlier time. Furthermore, he fails to demonstrate that his claims were not known to him at the time of trial. Also, he has failed to allege that any evidence which actually exists proving his innocence was denied him.

Because Petitioner has failed to make a showing of cause, the procedural default rule applies, without the necessity of considering whether the alleged constitutional error caused actual prejudice. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)); Glover v. Hargett, 56 F.3d 682, 684 (5th Cir. 1995).

Furthermore, Glover v. Cain, 128 F.3d 900 (5th Cir. 1997) clearly establishes that La. C.Cr.P. art. 930.8 is an independent and adequate state ground for rejecting an application for post-conviction relief.

There is a narrow exception to the "cause" requirement which allows the court to consider a claim otherwise abusive. If the petitioner can demonstrate that the alleged constitutional violation probably has caused the conviction of an innocent person and the failure to entertain the claim would result in "a fundamental miscarriage of justice," the court may consider the claim. Murray v. Carrier, supra. The question whether there has been a miscarriage of justice "is concerned with actual as compared with legal innocence." Sawyer v. Whitley, 505 U.S. 333, 339-342, 112 S.Ct. 2514, 2519-20, 120 L.Ed.2d 269 (1992). "The

term 'actual innocence' means factual, as opposed to legal, innocence --'legal innocence', of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence . . . means that the person did not commit the crime." Johnson v. Hargett, 978 F.2d 855, at 859, (5th Cir. 1992).

To fall within the actual innocence exception, a habeas petitioner must show that the trier of facts would have entertained a reasonable doubt of his guilt. Kuhlmann v. Wilson, 477 U.S. 436, at 454 n. 17, 106 S.Ct. 2616, at 2627 n. 17. To establish actual innocence, a petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" Fairman v. Anderson,188 F.3d 635 (5th Cir. 1999)(citing Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct.851, 130 L.Ed.2d 808 (1995)).

Petitioner has not provided any new and reliable evidence of his innocence. Furthermore, the Louisiana Courts found that the evidence was sufficient to support Petitioner's conviction beyond a reasonable doubt. As previously stated, the Louisiana Second Circuit Court of Appeal found that an inconclusive test and a negative test would not exculpate Petitioner, or prove by "clear and convincing evidence" that he was factually innocent of the crime. The court further found that testing which identified the brother of the primary witness against Petitioner as the contributor of any testable material associated with the cap found under the victim's body would not exculpate Petitioner because the testimony indicated that the cap was associated with the brother and Petitioner. The court also found

that evidence relating to who left blood traces at the crime scene would have no effect because if would do no more that lessen the credibility of the primary witness and would not establish Petitioner was "factually innocent of the crime." Louisiana v. Edwards, 988 So.2d 850 (La. App. 2 Cir. 8/7/08).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

## OBJECTIONS

Under the provisions of 28 U.S.C. 636(b)(1)(c) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(C); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED** in chambers at Shreveport, Louisiana, this 19th day of February, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE